NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2639
_____

AUDRA NEWTON-HASKOOR,

Appellant

v.

COFACE NORTH AMERICA;
COFACE NORTH AMERICA, INC.;
MIKE FERRANTE; TOM BRENNAN
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3-11-cv-03931)
District Judge:  Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
April 19, 2013

Before:  AMBRO, HARDIMAN and COWEN, *Circuit Judges*.

(Filed: April 19, 2013)
_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

Audra Newton-Haskoor appeals the District Court's order dismissing her

complaint for failure to state a claim. We will affirm.

I

Because we write for the parties, we recount only the essential facts. Newton-Haskoor began working for Coface North America, Inc., a collection company, in 2006. She was promoted to Branch Manager in January 2009 and, around that time, began supervising consultant Frank Trezza. Newton-Haskoor alleged that Trezza would not take directions from her because she was a woman. She also claimed that, between January 2009 and March 2009, female employees approached her with complaints of sexual discrimination and harassment involving Trezza. Newton-Haskoor notified human resources and management about these problems, but Coface took no action.

In March 2009, Newton-Haskoor was asked to work on a 90-day project establishing a collection department in New Jersey, which she viewed "as an opportunity to learn about other aspects of Coface's many services and a chance to advance her career." Compl. ¶ 17. While working on the project, she maintained her duties as branch manager, and still "dealt with opposition and insubordination from Trezza." Compl. ¶ 18 In July 2009, Coface reassigned supervisory responsibility of Trezza to another employee, Mike Rome, and soon thereafter many of Trezza's duties were reassigned to other employees. In August 2009, Rome also took control over "the largest project of [Newton-Haskoor's] department . . . so that he could manage [Trezza]." Compl. ¶ 20.

In September 2009, frustrated by Trezza's insubordination and Coface's lack of

support, Newton-Haskoor requested and was granted "without objection or question" a transfer to New Jersey, where she began managing the collection department for the Coface Factoring Division. Compl. ¶¶ 21–23.

In late 2010, Newton-Haskoor discovered some discrepancies in the reporting of payments in Coface's bookkeeping systems and began to investigate further. Around that time, she also overheard a conversation between the CFO of Coface and Jim McDermott, her supervisor, in which McDermott stated that they should "fudge the numbers for quarterly meetings more often, because Corporate believed everything they said." Compl. ¶ 30. This led Newton-Haskoor to believe that some employees were manipulating certain numbers to "show a better bottom line" to "Corporate." *Id.* Newton-Haskoor did not allege, however, that she ever reported these discrepancies to anyone or that she refused to participate in certain actions that she believed were wrongful.

Newton-Haskoor was terminated from her position in January 2011. She was told that the reason for her termination was that she had sent proprietary company information to her father, a former Coface employee who intended to start a new collection company. Newton-Haskoor admitted that she had sent her father a copy of an internal production report. Another employee, Bryan Clancy, was also accused of sending reports to Newton-Haskoor's father, but he denied having done so. Clancy was not terminated.

Newton-Haskoor filed suit in June 2011 in the District Court for the District of New Jersey, alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C.

§ 2000e *et seq.*, and New Jersey's Conscientious Employee Protection Act (CEPA), N.J. Stat. Ann. § 34:19-1 *et seq.*[1] The District Court dismissed Newton-Haskoor's complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). This timely appeal followed.

## II[2]

Newton-Haskoor asserts that the District Court erred in dismissing her sex discrimination and retaliation claims under Title VII and her retaliation claim under CEPA. A complaint may be dismissed under Rule 12(b)(6) "only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, . . . [the] plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). For essentially the same reasons set forth in the District Court's opinion, we hold that Newton-Haskoor has failed to plead sufficient facts to give rise to a plausible claim under either Title VII or CEPA.

---

[1] The complaint also alleged that Coface had breached the implied covenant of good faith and fair dealing and that it had deprived Newton-Haskoor of her civil rights in violation of 42 U.S.C. §§ 1981, 1985, and 1988. Newton-Haskoor failed to address Coface's challenges to those claims in her response to the motion to dismiss below, and she does not challenge the dismissal of those claims on appeal.

[2] The District Court had jurisdiction pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim. *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012).

A

To adequately plead a claim for sex discrimination under Title VII, Newton-Haskoor was required to allege facts showing that she had suffered an adverse employment action under circumstances that could give rise to an inference of intentional discrimination. *See Mandel v. M & Q Packaging Corp.*, 706 F.3d 157, 169 (3d Cir. 2013). The only potentially adverse employment action alleged is her termination; although she was also transferred to another office, she requested the transfer herself. Compl. ¶ 23. None of the circumstances surrounding Newton-Haskoor's termination suggest that she was fired because of her sex.

Newton-Haskoor was terminated after she admitted that she sent proprietary company information to her father. Her complaint contains two examples of male employees who may have also engaged in wrongful conduct but were not fired: Clancy, who was also accused of sending company information to Newton-Haskoor's father; and Trezza, who had multiple complaints lodged against him for discrimination and harassment. But "[a]lthough the identification of a similarly situated individual outside of the protected class, who engaged in the same conduct but was treated more favorably, may give rise to an inference of unlawful discrimination," *Mandel*, 706 F.3d at 170, these two instances alone do not suggest that Newton was terminated on the basis of her sex. Clancy and Newton-Haskoor are not similarly situated in that Clancy—unlike Newton-Haskoor—denied sending the reports. As for Trezza, any inference that could be drawn

5

from the fact that he was not fired would be even more attenuated, as Newton-Haskoor and Trezza engaged in different conduct years apart. The District Court thus correctly dismissed Newton-Haskoor's sex discrimination claim, as her complaint contained no factual averments that could plausibly give rise to the inference that she was terminated on the basis of her sex. *See id.*

B

Newton-Haskoor contends that Coface retaliated against her after she reported Trezza's misconduct, in violation of Title VII.[3] This claim also fails, as she has not pleaded facts showing that there was a causal connection between the protected activity that she engaged in—reporting Trezza's behavior—and any materially adverse action taken against her. *See Moore v. City of Phila.*, 461 F.3d 331, 340–41 (3d Cir. 2006).

A causal connection may be established by showing "an unusually suggestive temporal proximity" between the protected conduct and the adverse action or "a pattern of antagonism coupled with timing." *Lauren W. ex rel. Jean W. v. DeFlaminis*, 480 F.3d 259, 267 (3d Cir. 2007). There is nothing "unusually suggestive" about the timing of Newton-Haskoor's termination, which occurred nearly two years after she reported Trezza's conduct. Nor do the facts pleaded in the complaint suggest a pattern of

---

[3] Newton-Haskoor also states, in one sentence, that this conduct violates New Jersey's Law Against Discrimination, N.J. Stat. Ann. 10:5-1 *et seq.*, a claim that was not included in her complaint and that is not mentioned elsewhere in her briefing. The claim was included in a proposed amended complaint. However, the District Court dismissed Newton-Haskoor's

antagonism that began after Newton-Haskoor reported Trezza's conduct; to the contrary, Newton-Haskoor's complaint suggests that she had advanced in her career during that period. The complaint provides few examples of any action that could be construed as "antagonistic" during that two-year period, and nothing from which a pattern of antagonism could be inferred. The District Court thus correctly found that Newton-Haskoor failed to state a claim for retaliation under Title VII.

## C

Finally, to establish a claim for retaliation under CEPA, an employee must show not only that she reasonably believed that the employer was acting wrongfully or unlawfully, but also that she objected to this behavior in some way. N.J. Stat. Ann. § 34:19-3(c). Newton-Haskoor suggested in her complaint that she discovered wrongful conduct, but she does not allege that she ever actually objected to, or refused to participate in, that conduct. She now argues, vaguely, that she pleaded facts that could satisfy this requirement, but a review of her complaint shows that this is not the case. Newton-Haskoor pleaded only that she overheard the conversation between McDermott and another executive, and that, as time passed, she began talking to McDermott less. Thus, Newton-Haskoor also failed to establish a claim for retaliation under CEPA.

## III

For the foregoing reasons, we will affirm the District Court's order dismissing

---

motion to amend her complaint as futile, as it did not contain any additional clarifying factual

Newton-Haskoor's complaint for failure to state a claim.

allegations, and Newton-Haskoor does not challenge that order on appeal.